MORRIS FLOREA, Plaintiff, *v.* LEON C. SCHULTZ and FERDINAND J. HERMAN, as Marshal of the City of New York, Defendants.

Municipal Court of New York, Eighth District, Borough of Manhattan, Part I, October 4, 1926.

Attachment — action by marshal levying attachment against another marshal levying subsequent execution — attachment was valid — levy of attachment was valid under Civil Practice Act, § 917 — defendant marshal is liable.

In an action by a city marshal, who had levied a warrant of attachment, against another city marshal who subsequently levied an execution on the same property, it is held that the warrant of attachment was valid, and that the levy thereunder complied with the provisions of section 917 of the Civil Practice Act. It was not necessary that the plaintiff take the property into his personal possession but the levy was complete when he took possession of the building and placed a lock of his own thereon.

Accordingly, the defendant marshal acted illegally in subsequently levying an execution on the same property and in taking possession thereof and he is liable for his illegal conduct.

ACTION by a city marshal of the city of New York against another city marshal of said city.

*Harry Wylan*, for the plaintiff.

*Abraham Shabselowitz*, for the defendants.

Panken, J.  This is an action commenced by Morris Florea, a city marshal of the city of New York, against Ferdinand J. Herman, another city marshal of the city of New York, and one Leon C. Schultz.  The complaint against Schultz was dismissed at the close of the plaintiff's case for failure of proof, so that the action now runs against Ferdinand J. Herman as city marshal.

The testimony discloses the following facts:  The plaintiff, executing a warrant of attachment issued in the case of *Cohen* v. *Ziegler*, commenced in the First District Municipal Court of the Borough of Manhattan, City of New York, levied upon the property of the defendant in that action.  Some time thereafter, the defendant Ferdinand J. Hearn testified that acting as a marshal he levied upon the same property in executing a warrant of attachment in an action entitled *Gross* v. *Ziegler*, commenced in the Fifth District Municipal Court, Borough of Manhattan, City of New York.

The defendant contends that the warrant of attachment issued in the case of *Cohen* v. *Ziegler* was invalid.  A party not a party to an action may attack the validity of a warrant of attachment.  That is done collaterally.  The question, however, is, does it avail to the defendant in this case?  He was not a party to the action upon which the warrant of attachment is sued and levy was made and executed by the plaintiff herein.  I can conceive a situation where a party whose interests are affected by a warrant of attachment may collaterally attack the validity thereof.  Under some circumstances, an attaching creditor may in collusion with a debtor deprive other creditors of substantial rights.  Under such circumstances, if that is shown to the court, and when the assets are insufficient, the court will set aside the attachment.  In the action before me it is not sought to set aside the attachment by the attack, collaterally or otherwise.  It is claimed it was void.  As to that I am of the opinion that the papers are sufficient to support the warrant issued by the court.

To permit the defendant herein to attack the validity of a warrant of attachment issued in a case to which he was not a party, and after he had levied upon property taken under the execution under the warrant of attachment he seeks to invalidate, would establish a very dangerous precedent.  It would allow a person to come into court after an unwarranted act and attempt to justify his unwarranted act by a prior act of the party injured.  In any event, I conclude that the papers in support of the application in the case of *Cohen* v. *Ziegler* were sufficient to justify the warrant of attachment to issue.

That leaves another question for me to pass upon, and that is

whether or not the levy was valid, aside from the validity of the warrant of attachment, whether it complied with the provisions of section 917 of the Civil Practice Act. It is not necessary for an executing officer to actually remove all property attached. He takes possession of it; that is sufficient. Physical possession means taking hold of the property, exercising control over it. In this case the papers were served upon the defendant in the case of *Cohen* v. *Ziegler*. The keys of the store, as I understand it, were then surrendered by the defendant in that action to the plaintiff herein. The plaintiff thereupon placed the property under lock, and added a lock of his own. He testified that he had posted a levy notice. That levy notice, it is testified to by the defendant, was not posted when he in turn levied upon the same property taken possession of by the plaintiff herein. The defendant had notice of the levy. A return was made by the plaintiff and same was filed with the clerk in the court out of which the warrant of attachment issued. He may not have had actual notice, but a public record is constructive notice. He found, as he testified, the property made secure under lock and key. He broke the lock and took possession. Having taken possession under such circumstances, without having informed himself as to who put the lock on the premises, and constructive notice at least having been given to him of the levy, he levied upon property which was then no longer subject to a levy. Judgment must, therefore, be directed in favor of the plaintiff marshal as against the defendant marshal.

There is a sharp conflict between the plaintiff and defendant as to the value of the property. Upon all the evidence, I find that the value of the property was $100. Judgment is, therefore, directed in such sum.